### INDEMNITY INS. CO. OF NORTH AMERICA v. WOOD.

### No. 2768.

Court of Civil Appeals of Texas. Beaumont.
June 14, 1935.

Rehearing Denied June 19, 1935.

Barnes & Barnes, of Beaumont, for appellant.

Tom C. Stephenson, of Beaumont, and E. B. Lewis, of Center, for appellee.

O'QUINN, Justice.

This suit arose under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). The Gulf Refining Company was the subscriber; appellant, the compensation insurance carrier; and appellee, the employee claimant.

Appellee, while working for the Gulf Refining Company, on September 8, 1930, slipped and fell, receiving an injury. On September 11, 1930, he entered into a compromise settlement agreement with W. Hilton Berger, agent for appellant, whereby he received the sum of $193 as compensation, and medical and hospital costs, which settlement was duly approved by the Industrial Accident Board on December 13, 1930. This suit was filed February 6, 1931, to set aside the compromise settlement on the ground of fraud on the part of appellant's agent, Berger, in procuring same.

Appellant answered by plea to the jurisdiction, general demurrer, special exceptions to the sufficiency of appellee's petition as to fraud, and general denial. The plea to the jurisdiction, general demurrer, and special exceptions were all overruled. The case was submitted to a jury upon forty-six special issues, and upon their answers judgment entered for appellee setting aside the compromise settlement agreement. Motion for a new trial was overruled, and the case is before us on appeal.

The judgment will have to be reversed for what we conceive to be conflicting answers of the jury to special issues. We shall discuss these matters only.

The question of fraud relates to the character of instrument made the basis of the plea. It was alleged and is here contended by plaintiff that the instrument witnessing the compromise settlement agreement was represented to appellee by appellant's agent Berger to be only a receipt for ten weeks' advance payment of compensation, and that said instrument or receipt would not preclude or exclude appellee from securing or receiving further compensation if at the expiration of ten weeks he had not recovered from his injuries. This is denied by appellant.

After submitting several issues relating to the alleged fraud, which were answered in favor of appellee, the court submitted special issue No. 24, which reads: "Do you find from a preponderance of the evidence that the plaintiff would not have signed said compromise settlement agreement, if he had not believed the same to be a receipt for ten weeks advance compensation? Answer 'yes' or 'no.'" The jury answered: "No."

We construe this finding to be against appellee's contention that he would not have signed the instrument but for the fact he thought same merely a receipt for ten weeks' advance compensation, and not a compromise agreement settlement. In other words, not a finding that he would not have signed the instrument under the circumstances alleged, but that he would have signed same.

Then the court submitted to the jury special issue No. 27, which reads: "Do you find from a preponderance of the evidence that the plaintiff would not have signed said compromise settlement agreement if he had known that he would not be paid compensation after the expiration of ten weeks, if he had not recovered from his injury? Answer 'yes' or 'no.'" The jury answered: "Yes."

This issue presents, in effect, the same question as special issue No. 24, that is, whether appellee would have signed the compromise settlement agreement instrument if he had not believed it to be a receipt for ten weeks' advance compensation. To the one issue, the jury answered, "No," and to the other, "Yes," and as we construe the issues they present the same question, and having been answered both ways, they destroy each other, and remove the basis for a judgment. This necessitates a reversal of the case.

There are many other propositions asserting error, but as the matters complained may not arise on another trial, we do not discuss them.

As the case will be reversed and remanded for another trial, we suggest that because of some uncertainties and indefiniteness in plaintiff's petition, and the numerous exceptions urged against it, that the case be repleaded.

The judgment is reversed, and the cause remanded.